IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIONTE WILLIAMS, No. M-15178,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 13-cv-00090-GPM** |
| ) | |
| **SARAH JOHNSON,** ) | |
| **S.A. GODINEZ,** ) | |
| **WARDEN, BIG MUDDY RIVER** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Travionte Williams is serving an 18 year sentence for aggravated battery with a firearm and is currently incarcerated at Pontiac Correctional Center. This *pro se* civil rights action is brought pursuant to 42 U.S.C. § 1983, regarding events while Plaintiff was housed at Big Muddy Correctional Center ("Big Muddy"). Plaintiff does not dispute that as punishment for a disciplinary infraction he was demoted to C grade, lost three months of good conduct credit, his gym/yard was restricted for three months, and his transfer from Big Muddy was ordered. Rather, Plaintiff alleges that he was denied procedural due process, in violation of the Fourteenth Amendment, when he was mistakenly held in segregation for approximately 30 days, which was not part of his prescribed punishment. During that 30-day period, his emergency grievance to rectify the error was pending before the Defendants.

According to Plaintiff, the Defendants, Administrative Review Board member Sarah Johnson, Illinois Department of Corrections director S.A. Godinez, and the warden of Big Muddy, were all aware of the error but did nothing to *immediately* remedy the situation. The

Administrative Review Board and Director Godinez did eventually confirm that segregation was not part of Plaintiff's prescribed punishment (*see* Doc 1, p. 8).  Plaintiff seeks $250,000,000 in damages, a return to C grade[1], and transfer to Danville Correctional Center.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

When a plaintiff brings an action under Section 1983 for a procedural due process violation, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch,* 494 U.S. 113, 125 (1990).  An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life."  *Sandin v. Conner,* 515 U.S. 472, 484 (1995).  Under *Sandin,* "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population."  *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997).

The Seventh Circuit has identified two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships:  "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period."  *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697–698 (7th Cir. 2009) (emphasis in the original).

The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific

---

[1] Plaintiff was demoted to C grade as part of his discipline while at Big Muddy; therefore the Court assumes that he has since been demoted below that grade.

conditions of confinement is unnecessary. *See Lekas v. Briley,* 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion,* 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement"). Consequently, because Plaintiff was mistakenly held in segregation for 30 days or less—a *de minimis* period, particularly in light of Plaintiff's 18-year sentence—there is no due process claim upon which relief can be granted. Therefore, this claim will be dismissed with prejudice. The dismissal of this claim shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable regardless of the dismissal of this case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his "allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  February 21, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge